IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-03018-REB-MEH

RUSTY E. HUTCHISON,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

**Blackburn, J.**

This matter is before me on the **Defendant's Motion To Transfer Pursuant to 28 U.S.C. §1404** [#8][1] filed January 6, 2011. The plaintiff filed a response [#12], and the defendant filed a reply [#14]. I deny the motion.

The plaintiff, Rusty Hutchison, brings this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.* He asserts claims for damages arising from injuries he allegedly sustained while working as a carman for the defendant in North Platte, Lincoln County, Nebraska. The defendant seeks to have this action transferred to the United States District Court for the District of Nebraska. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1404(a) is designed to allow the District Court to transfer cases to other districts

---

[1] "[#8]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

when to do so would prevent waste of time, energy, and money, and unnecessary inconvenience and expense. ***Frontier Airlines, Inc. Retirement Plan for Pilots v. Security Pacific Nat. Bank, N.A.,*** 696 F. Supp. 1403, 1406 (D. Colo.1988) (citing ***Van Dusen v. Barrack***, 376 U.S. 612, 616 (1964). In the analysis the plaintiff's choice of forum is to be given considerable weight. ***Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.,*** 579 F.2d 561, 567 (10th Cir.1978). The court should transfer the case only when it appears that another forum would be more conducive to the convenience of the parties and witnesses and the interests of justice. ***Norwood v. Kirkpatrick***, 349 U.S. 29 (1955). However, unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum rarely should be disturbed. ***William A. Smith Contracting Co. v. Travelers Indem. Co.,*** 467 F.2d 662, 664 (10th Cir.1972).

The FELA includes a provision that long has been read to give a FELA plaintiff the right to select the forum for his or her FELA claim. 45 U.S.C. § 56. Addressing § 56, the United States Supreme Court held long ago that "the petitioner's right to bring the suit in any eligible forum is a right of sufficient substantiality to be included within the Congressional mandate . . . ." ***Boyd v. Grand Trunk Western Railroad Co.,*** 338 U.S. 263, 266 (1949). The ***Boyd*** Court held that the forum selection right of § 56 cannot be overcome by a forum selection clause in a contract. ***Id***. at 264 - 265. Thus, in a FELA case, the plaintiff's privilege of choosing a forum must be accorded great weight. ***Sackett v. Denver and Rio Grande Western R. Co.,*** 603 F.Supp. 260, 261 (D. Colo. 1985). As the moving party, the burden is on the defendant to demonstrate circumstances warranting a change of forum. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3848 at p. 244 and cases cited therein. ***Sackett,*** 603 F. Supp. at 262 (finding that case should be transferred because plaintiff produced neither evidence nor argument to show that there were other relevant factors

favoring Colorado in the balance of forums).

Under 28 U.S.C.A. § 1404(a), the plaintiff's choice of forum should not disturbed unless the balance in defendant's favor is shown by clear and convincing evidence. **Headrick v. Atchison, T. & S.F. Ry. Co.** 182 F.2d 305 (10th Cir.1950). Among the factors to be considered are " '1) [p]laintiff's choice of forum; 2) accessibility of witnesses and other sources of proof; 3) the cost of making the necessary proof; 4) questions of enforceability of a judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of questions arising in the area of conflicts or laws; 8) the advantages of having a local court determine questions of local law; and 9) all other considerations of a practical nature that make a trial easy, expeditious and economical.' " **Chrysler Credit Corp. v. Country Chrysler, Inc.,** 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting **Texas Gulf Sulphur Co. v. Ritter**, 371 F.2d 145, 147 (10th Cir.1967)).

The first factor, plaintiff's choice of forum, obviously weighs in favor of the plaintiff. The fourth, sixth, seventh, and eighth factors are non-factors in the present context. Addressing the second factor (the accessibility of witnesses and other sources of proof), the third factor (the cost of making the necessary proof), the fifth factor (the relative advantages and obstacles to a fair trial), and the ninth factor (all other considerations of a practical nature that make a trial easy, expeditious and economical), the defendant contends that Nebraska is the more convenient forum because the accident occurred in Nebraska, all the fact witnesses reside or work in Nebraska, and the doctors who initially treated the plaintiff are in Nebraska. The defendant asserts that bringing certain witnesses to Denver "will be difficult, will entail additional expense, loss of time on the part of the witnesses from their jobs, and may not be possible due the fact the witnesses will be beyond the subpoena power of the court." *Motion* [#8], p. 2.

3

The plaintiff responds that the key witness essential to the proof of his claim is Dr. Stewart Weinerman, M.D., an orthopedic surgeon who performed surgery on the plaintiff's shoulder in an effort to treat the injury at issue in this case. Dr. Weinerman is a resident of Aurora, Colorado. The plaintiff says Dr. Weinerman will testify to the nature of the plaintiff's injury, the plaintiff's work capacity and capability, his prognosis, and his need for future medical treatment. This proof, the plaintiff says, cannot be reproduced in person in Nebraska. The plaintiff notes that many of the Nebraska witnesses are employees of the defendant and the defendant can require them to testify in Colorado, even though they may be beyond the subpoena power of this court.

I find that the defendant has failed to sustain its burden under § 1404 to establish by clear and convincing evidence that plaintiff's choice of forum should be disturbed. Factor one, plaintiff's choice of forum, weighs clearly in the plaintiff's favor. Consideration of the other relevant factors, the second, third, fifth, and ninth factors, shows that a transfer of this case to Nebraska would do little more than shift the inconvenience from the defendant to the plaintiff. Factors four, six, seven, and eight are not implicated. In this circumstance, and absent other reasons that augur in favor of a transfer, the transfer should be denied.

**THEREFORE IT IS ORDERED** that the **Defendant's Motion To Transfer Pursuant to 28 U.S.C. §1404** [#8] filed January 6, 2011, **IS DENIED.**

Dated September 22, 2011, at Denver, Colorado.

                                               **BY THE COURT:**

                                               Robert E. Blackburn
                                               United States District Judge